LESTER G. OSTROV
lostrov@lgolaw.com
LESTER G. OSTROV, PROFESSIONAL CORP.
5757 Wilshire Blvd.
Penthouse 5
Los Angeles, CA  90036
Telephone: (323) 424-3440
Facsimile: (323) 424-3468

THOMAS A. WOODLEY
taw@wmlaborlaw.com
WOODLEY & McGILLIVARY
1101 VERMONT AVE, N.W.
SUITE 1000
WASHINGTON, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO ALBARRAN JR., JESSE FRANCO, RAYMOND HOFFMAN, BRIAN LABRIE, DALE ROBINSON; TODD SANDS, and ROBERT STOVER III,<br><br>             Plaintiffs,<br><br>     vs.<br><br>CITY OF LOS ANGELES,<br><br>             Defendant. | CASE NO.  2:15-cv-07056<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION AND OTHER RELIEF** |

## Preliminary Statement

1. The plaintiffs are current or former employees of the defendant City of Los Angeles, California, and they bring this action on behalf of themselves and other employees similarly situated. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

## Jurisdiction and Venue

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## Parties

4. Plaintiffs are each employees, or former employees, of the defendant City of Los Angeles, at the Los Angeles Fire Department, located in the Central District of California.

5. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action, which are appended hereto as Exhibit A. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each plaintiff's name and intent to be party to this suit.

6. The defendant in this action is the City of Los Angeles, California, which has a principal place of business within the City of Los Angeles in the Central District of California.

## Facts

7. The plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each plaintiff is, or was, employed by the City of Los Angeles at the Los Angeles Fire Department as a member of the Heavy Rescue Unit assigned to platoon duty.

8. Each of the plaintiffs in this action, while employed by defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

9. The defendant City of Los Angeles is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

10. The defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

11. Within the last three years, while working as a member of the Heavy Rescue Unit assigned to platoon duty, plaintiffs are assigned to work shifts of 24 hours. Plaintiffs are assigned to one of three platoons or shifts (i.e., platoon A, B, or

C). During the course of a nine (9) day period, plaintiffs are assigned a day on, followed by a day off, followed by a day on, followed by a day off, followed by a day on, followed by four days off. This schedule is repeated every nine (9) days. This schedule routinely causes plaintiffs to work over 40 hours in a workweek.

12. At all times material herein, defendant has failed and refused to provide plaintiffs with overtime compensation for time worked above 40 hours in a workweek, thereby violating 29 U.S.C. § 207(a) of the FLSA.

13. Defendant applied a 27-day work period under section 207(k) of the FLSA to plaintiffs when calculating their FLSA overtime pay. 29 U.S.C. § 207(k).

14. At all times material herein, plaintiffs have not engaged in fire suppression or other fire protection activities as Heavy Rescue Unit employees.

15. At all times material herein, plaintiffs have been scheduled to work, and in fact have worked, in excess of 40 hours per workweek.

16. On information and belief, the failure by defendant to properly pay compensation owed to each plaintiff is a knowing, willful, unreasonable, reckless, and bad faith violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

**Failure to Pay Overtime for All Hours Plaintiffs Work Above Forty Hours in a Workweek in Violation of Section 7(a) of the FLSA, 29 U.S.C. § 207(a)**

17. Plaintiffs hereby incorporate by reference paragraphs one (1) through sixteen (16) in their entirety and restate them herein.

4

18. Employees covered under the FLSA are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of the maximum hours set forth in 29 U.S.C. § 207.

19. At all times material herein, plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207(a). As a result, at all times material herein, the plaintiffs were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours they have worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a).

20. At all times material herein, the defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they have worked in excess of 40 hours per workweek, thereby violating 29 U.S.C. § 207(a).

21. Specifically, in violation of 29 U.S.C. § 207(a), the defendant has paid the plaintiffs based on its erroneous classification of plaintiffs as employees engaged in fire protection activities under 29 U.S.C. § 207(k) and 29 C.F.R. Part 553.

22. Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours they have worked in excess of the 40 hours per workweek, as specified in the FLSA, 29 U.S.C. § 207(a), wrongly deprives them of the overtime compensation that has been due to them at times material herein.

23. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs for which

defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and the costs of this action.

24.   As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

### **Prayer for Relief**

WHEREFORE, each plaintiff requests from the Court the following relief:

A.   A declaratory judgment declaring that the defendant has willfully, recklessly, unreasonably, wrongfully, and with a lack of good faith, violated its statutory and legal obligations, and deprived each plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

B.   An order for a complete and accurate accounting of all the compensation to which each plaintiff is entitled;

C.   Judgment against the defendant awarding each plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

D.   Reasonable attorneys' fees and the costs and disbursement of this action; and

E.   Such other and further relief as the Court deems proper.

**Demand for a Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

| | |
|---|---|
| September 1, 2015 | Respectfully submitted,<br><br>/s/ Thomas A. Woodley<br>Thomas A. Woodley<br>taw@wmlaborlaw.com<br>WOODLEY & McGILLIVARY LLP<br>1101 Vermont Avenue, N.W.<br>Suite 1000<br>Washington, D.C. 20005<br>Phone: (202) 833-8855<br>Fax:   (202) 452-1090<br><br>/s/ Lester G. Ostrov<br>LESTER G. OSTROV<br>Ca. Bar No. 40264<br>lostrov@lgolaw.com<br>LESTER G. OSTROV, PROFESSIONAL CORP.<br>5757 Wilshire Blvd.<br>Penthouse 5<br>Los Angeles, CA  90036<br>Telephone: (323) 424-3440<br>Facsimile: (323) 424-3468<br><br>*Counsel for Plaintiffs* |